IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Butch Johnson, ) | C/A No. 3:14-1568-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Palmetto Citizens Federal Credit Union, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Butch Johnson ("Plaintiff"), a self-represented litigant, brings this action alleging breach of contract and unfair trade practices by the defendant. (ECF No. 1 at 6.) Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.    Factual and Procedural History**

Plaintiff alleges that he obtained a loan from the defendant in 2004, which was secured by an automobile. (ECF No. 1 at 5; ECF No. 1-1 at 3.) Defendant allegedly began refusing Plaintiff's payments on the loan when he became "in arrears on his Mortgage payments and on a Visa Card." (ECF No. 1 at 5.) Plaintiff asserts the defendant's refusal of his loan payments constitutes unfair trade practices and a breach of contract. (Id. at 6.)

The defendant apparently instituted state court proceedings against Plaintiff associated with the loan; however Plaintiff alleges that the defendant committed "fraud on the court" and perjury in

the state case by affirming that service of process had been effected. (Id. at 7.) Plaintiff asserts that he was never properly served with the state court pleadings and asks this court to dismiss the state court complaint for failure to perfect service. (Id. at 7-8.) Plaintiff further asks this court to deny or set aside the defendant's default judgment in the state court action, any requests for attorney fees in favor of the defendant, and "all requests for the recovery of the 'Automobile.'" (Id. at 8.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of



a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

Plaintiff states that this matter is before the court "on a Remittitur from The South Carolina Court of Appeals dated April 7, 2014 . . . and an Order from the Supreme Court of South Carolina filed April 7, 2014, received by Plaintiff on April 9, 2014."  (ECF No. 1 at 4; see also ECF No. 1-1 at 1-2.)  As relief, Plaintiff asks this court to dismiss a state court complaint for lack of service and to deny or set aside requests and judgments made in state court proceedings.  (ECF No. 1 at 7-8.)  However, this court is without jurisdiction to consider an appeal from a state court decision.  See 28

*PJG*

U.S.C. § 1257; see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

The prohibition on review of state court orders by federal district courts is commonly referred to as the Rooker-Feldman doctrine. See, e.g., Lance v. Dennis, 546 U.S. 459, 460 (2006) ("The Rooker-Feldman doctrine prevents lower federal courts from exercising jurisdiction over cases brought by 'state court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' ") (citing Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 384 (2005)). Because the Rooker-Feldman doctrine is jurisdictional it may be raised by the court *sua sponte*. American Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003); Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n.5 (4th Cir. 1997). Further, the Rooker-Feldman doctrine applies even if the state court litigation has not reached a state's highest court. See Robart Wood & Wire Prods. Corp. v. Namaco Indus., Inc., 797 F.2d 176, 178 (4th Cir. 1986) (federal courts must give full faith and credit to the judicial proceedings of every state). Therefore, this court lacks jurisdiction to review or set aside rulings made in Plaintiff's state court proceedings. As such, the instant Complaint is subject to summary dismissal.

### III.  Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.

May 30 , 2014  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).